**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOSE LUIS NOVOA,

Plaintiff,

v.

CARSON CITY TOWNSHIP, *et al.*,

Defendants.

Case No. 3:25-CV-00134-MMD-CLB

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE TO COMPLETE SERVICE**

[ECF No. 17]

On November 9, 2026, Plaintiff Jose Luis Novoa ("Novoa") filed a motion for enlargement of time to complete service of his amended complaint and summons by 60 days. (ECF No. 17.) On July 2, 2026, the Court screened Novoa's First Amended Complaint ("FAC") and ordered that Novoa must perfect service of summonses and the Amended Complaint within 90 days pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 14.) The Court directed the Clerk's Office to issue summons for each defendant and gave Novoa specific instructions for service through the U.S. Marshal, based on Novoa's *in forma pauperis* status in this case, including providing Novoa with sufficient USM 285 forms for each defendant. (*Id.*) Based on the docket in this case, the summons were returned unexecuted because Novoa failed to comply with the Court's screening order directing him to provide the U.S. Marshal's service with the required USM-285 forms. (ECF No. 16.)

Given Novoa's *pro se* status, the Court grants his motion for extension of time to complete service pursuant to Rule 4(m) for 60 days from today's date. The Court will also again give Novoa the instructions for completion of service of process through the U.S. Marshal's service. The Court also notes that it may not engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate. *DeRoche v. Funkhouser*, No. CV 06-1428-PHX-MHM (MEA), 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) (citing *Hall v. Bellmon,* 935 F.2d 1106,

1110 (10th Cir.1991) (holding that the court should not assume the role of advocate for a *pro se* litigant)). As an impartial decision maker, it is not a federal judge's role or responsibility to investigate a defendant's whereabouts so a plaintiff may serve process. *Soto v. Harris*, No. CV 21-01792-PHX-DWL (CDB), 2022 WL 1541833, at *2 (D. Ariz. Mar. 22, 2022), *report and recommendation adopted,* 2022 WL 1540394 (D. Ariz. May 16, 2022). This degree of involvement "would undermine [trial] judges' role as impartial decision makers." *Id.* (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). Consequently, the Court may not fill out the USM-285 forms on behalf of Novoa. Rather, he must complete the forms himself.

## I. CONCLUSION

**IT IS THEREFORE ORDERED** that Novoa's motion for extension of time to complete service, (ECF No. 17), is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 4(m), service must be completed on or before **Monday, January 11, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **RE-ISSUE** summonses for Defendants, (ECF No. 15), **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the complaint, (ECF No. 13), and the screening order, (ECF No. 14), to the U.S. Marshal for service on the defendants. The Clerk shall **SEND** to Novoa **four** USM-285 forms.

**IT IS FURTHER ORDERED** that on or before **December 14, 2026**, Novoa shall provide the U.S. Marshal with the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501.

**IT IS FURTHER ORDERED** that within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Novoa wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be

attempted.

**IT IS SO ORDERED**.

**DATED**: November 12, 2026.

**UNITED STATES MAGISTRATE JUDGE**